FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 5 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

DANIELLE N. ATWOOD                                            PLAINTIFF

v.                      Civil Case No. 4:19-cv-232-SWW

TENNESSEE STEEL HAULERS, INC.,
STEVEN ROBERT ROBERSON, and
JOHN DOES 1-5                                    DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff, Danielle Atwood, by and through her attorneys, Duncan Firm, P.A., and for her Complaint, states as follows:

## I. INTRODUCTION

1.      Plaintiff brings this Arkansas direct negligence, vicarious and punitive damages liability lawsuit, involving a 2010 Peterbilt Conversion semi-tractor trailer traveling on Arkansas Interstate-30 ("I-30") west, which violently and forcefully collided with the rear of Plaintiff's motor vehicle, a 2012 Honda Accord, on the westbound lane of I-30 log mile 254.55, near Exit 128 (Log Mile 128.736), in Pulaski County, Arkansas, on June 16, 2016, at 12:55 P.M. Plaintiff seeks compensatory damages from Defendant motor carrier, Tennessee Steel Haulers Inc. ("Tennessee Steel Haulers"), for its direct negligence for this semi-tractor trailer collision and also seeks punitive damages for Tennessee Steel Haulers' willful and wanton conduct resulting in Plaintiff's serious injuries in a truck collision involving an interstate hauler operating under Federal Motor Carrier Safety Regulations ("FMCSR").

This case assigned to District Judge Wright
and to Magistrate Judge Deere

## II. **PARTIES**

2.     Plaintiff Danielle N. Atwood is a resident, citizen and domiciliary of Saline County, Arkansas, who was driving her Honda Accord vehicle through Arkansas on I-30, in Pulaski County, Arkansas at the time of the tractor-trailer motor vehicle collision.

3.     Defendant Tennessee Steel Haulers is a foreign corporation organized under the laws of the State of Tennessee that sends its trucks and employees to and through the State of Arkansas utilizing the Arkansas public roadways and the interstate system. Tennessee Steel Haulers as an interstate motor carrier and transportation enterprise hauling for profit, which has a commercial motor vehicle fleet over 700 vehicles and over 700 truck drivers in its national trucking operations and enterprise.

4.     Tennessee Steel Haulers operates on interstate highways pursuant to its United States Department of Transportation Number ("USDOT #) 159317. Tennessee Steel Haulers obtained as its interstate operating authority by submitting a formal application to the United States Department of Transportation certifying and representing in writing to the federal DOT that it will have a safety system in place, including policies and procedures, to comply with FMCSR and state laws where it operates. This FMCSR compliance is for Tennessee Steel Haulers' interstate trucking enterprise and in its directing, controlling and operating of semi-tractor trailers on interstate highways in the United States of America, including highways running from Tennessee through Arkansas.

5.     Tennessee Steel Haulers' corporate headquarters are located at 2607 Brick Church Pike Nashville, Davidson County, Tennessee 372070000. The registered agent for Tennessee Steel Haulers is C T Corporation System, Suite 2021, 800 South Gay Street, Knoxville, Tennessee 37929-9710.

6.     At all times complained herein, Defendant Tennessee Steel Haulers was the owner of and/or controlled the 2010 Peterbilt Conversion semi-tractor Vehicle Identification Number ("VIN") 1XPHD49X0AD105659, and trailer registered in the State of Tennessee, traveling through the State of Arkansas, operated by its agent/servant/employee, Steven Robert Roberson, in the course and scope of his employment and under the direction and control of Defendant Tennessee Steel Haulers, in furtherance of Tennessee Steel Haulers' business interests.

7.     At the time of the accident, Tennessee Steel Haulers, its truck driver and vehicle were insured by AON Risk Services Southwest, Inc., NAIC # 32620, Policy # BCS0033356, National Interstate Insurance, TSA-8192000-06, and were operating as an interstate carrier in the State of Arkansas under the U.S. DOT # 159317, assigned to Tennessee Steel Haulers.

8.     Defendant Steven Robert Roberson (hereafter sometimes referred to as "Roberson") operated the Tennessee Steel Haulers semi-tractor trailer at the time of the collision on I-30 in Pulaski County, Arkansas, pursuant to Tennessee Steel Haulers' orientation, training, permission, entrustment, permission, supervision, monitoring, direction and control.  Defendant Roberson's physical address is 9877 Wildwood Place, Demotte, Jasper County, Indiana 46310. At all relevant times herein, Defendant Roberson was under the control of or acting as an agent/servant/employee within the State of Arkansas, in the course and scope of his employment with Tennessee Steel Haulers, in furtherance of their financial interests and directly subject to the direction and control of Tennessee Steel Haulers.

### III. JOHN DOE UNKNOWN TORTFEASORS AND AGENTS

9.     Various individuals and entities not named as Defendants herein may have directly participated in the unlawful conduct alleged herein, may have performed acts and made statements in furtherance thereof or omissions, which contributed to or caused the accident.  These various

3

individuals and entities may be agents, affiliates, alter-egos, partners, joint-ventures of the named Defendants.  While actively engaged in the management, direction or control of its affairs, each of the John Doe unknown tortfeasors may have performed each of the acts alleged herein, or alternatively, each John Doe unknown tortfeasors authorized or ordered duly authorized officers, agents, employees or representatives to perform said acts.  These tortfeasors, upon information and belief, permitted tortious acts to be committed in the State of Arkansas.  To the extent that such John Doe tortfeasor(s) are liable for some or all of the Plaintiff's damages, the identity of said tortfeasor(s) has not been determined as of this date and it is necessary to conduct discovery in order to determine the identity of said tortfeasor.  Pursuant to Ark. Code Ann. § 16-56-125, Plaintiff has attached a John Doe Tortfeasors' Affidavit hereto as Exhibit "A," and incorporated herein by reference to toll the statute of limitations for the wrongful actions and/or omissions alleged herein against the John Doe Tortfeasor.  In the event that a John Doe Tortfeasor is identified for one or more of the causes of action listed below, Plaintiff will amend her Complaint in accordance with Ark. Code Ann. § 16-56-125.

## IV. JURISDICTION AND VENUE

10.    This Court has jurisdiction of this action pursuant to 28 U.S.C. 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(a), as a substantial part of the events giving rise to the claim occurred in Pulaski County, Arkansas.

## V. FACTUAL ALLEGATIONS

12.    On Thursday, June 16, 2016, at approximately 12:55 P.M., Plaintiff was traveling westbound on I-30, in Pulaski County, Arkansas in a 2012 Honda Accord motor vehicle.  Plaintiff

4

was traveling westbound reasonably and prudently in lane 2 (the middle lane), near Exit 128, south of the Bass Pro and retail outlet mall area. The conditions for travel were daylight and clear and the surface of I-30 was dry and good condition.

13.     Plaintiff reasonably and prudently drove and traveled on I-30, when Defendants' large semi-tractor trailer with a gross vehicle rating of 26,001 pounds or more, carelessly, negligently and unsafely failed to (1) maintain a proper lookout, (2) maintain a safe speed, (3) properly yield, (4) properly make a lane change maneuver into an adjacent highway lane, (5) properly yield to forward traveling traffic, and (6) properly control Tennessee Steel Haulers' Peterbilt semi-tractor trailer.

14.     Tennessee Steel Haulers failed to properly orient, train, monitor and supervise its semi-tractor operators prior to logistically sending them into Arkansas on public interstate highways in its semi-tractor trailers for performing of company functions for profit. Tennessee Steel Haulers' negligent training, monitoring and supervision, among other direct and affirmative negligent actions by Tennessee Steel Haulers and Defendants' negligent, careless and reckless operational maneuvers. The foreseeable collision on I-30 was a direct result of incompetent and inadequate motor carrier company training and supervision by Tennessee Steel Haulers, inadequate company policies, procedures and safety systems and negligent implementation of its interstate transportation fleet to prevent collisions and comply with FMCSR.

15.     Defendants' sudden, unsafe, dangerous and improper lane changes on I-30 presented an immediate dangerous instrumentality on a public highway with a large semi-tractor trailer traveling among much smaller motor vehicles. Defendants' large and massive semi-tractor trailer traveling at highway speeds, violently sideswiped and forcibly ran into and collided with Plaintiff's Honda Accord with tremendous force and violent dynamic energy. Defendants' direct

5

negligence directly and proximately resulted in this severe, dynamic collision with Plaintiff's Accord, causing Plaintiff's Accord, in a natural and continuance sequence of events, to spin counter clockwise multiple times and collide head on with the concrete retaining wall on I-30, in the opposite direction.

16.     Plaintiff was restrained at the time of the collision. Plaintiff was severely injured and dazed by the violation and chaotic collision with the retaining wall on I-30. Plaintiff's vehicle and the semi-tractor trailer were disabled at the scene due to the collision, suffered extensive physical damage from the forces of the collision and impact and started smoking. Front and curtain airbags deployed from the force and multiple impact collision caused by Defendants. As a result of the collision, Plaintiff's vehicle was towed from its final rest on I-30, by Lawhon's Towing.

17.     As a result of the violent multiple impact collision forces at the collision scene on I-30, Plaintiff was admitted for emergency medical treatment for her severe and permanent traumatic injuries, which included, abrasions, facial pain, right limb pain, closed head, vision, upper cervical, feet, nausea, migraines, occiput, and ongoing orthopedic, depression, psychological, neuropsychological, PTSD or stress episodes, memory impairment and other injuries.

18.     As a direct and proximate result of Defendants' careless, negligent and reckless conduct, as described more fully herein, Defendants are directly and affirmatively liable for the serious and permanently disabling injuries suffered by the Plaintiff, for which she seeks compensation in excess of the amount required for federal diversity jurisdiction.

## VI. <u>CAUSES OF ACTION</u>

### *(Direct, Affirmative Negligence – Tennessee Steel Haulers)*

19.     The preceding paragraphs are hereby incorporated by reference.

20.     Defendant trucking company Tennessee Steel Haulers is required by the Federal Motor Carrier Safety Administration to know and comply with FMCSR and state laws.

21.     Tennessee Steel Haulers is required to have in place a safety management control system, including policies, program, practices and procedures involving proper, reasonable and prudent driver hiring, orientation, safety and transportation documentation, due diligence, electronic log oversight, audits, training, supervision, monitoring, document preservation and overall oversight and safety review in order to ensure compliance with applicable FMCSR safety regulations and laws in Arkansas.

22.     The overall trucking fleet and enterprise safety system is a direct obligation, duty and responsibility of Tennessee Steel Haulers and arises from FMCSR and Tennessee Steel Haulers' direct representation and certification to the US DOT that it would comply with FMCSR and have in place safety policies and procedures in order to obtain operating authority for transportation of cargo on public highways with semi-tractor trailers.

23.     Under federal law, Tennessee Steel Haulers is required to comply with federal and state laws and have in place a safety management control system for its trucking enterprise and trucking fleet to prevent accidents and collisions on the part of its trucking operations on interstate highways as part of its public franchise, interstate operations and trucking fleet.

24.     As an interstate trucking enterprise, Defendant Tennessee Steel Haulers had a direct, affirmative non-delegable duty, as a commercially licensed trucking operation, to safely and jointly operate its semi-tractor trailer on interstate highways in a reasonably prudent manner and with the highest degree of care to avoid risk and prevent property damage and injury to other public travelers.

25.    This non-delegable duty required Defendant Steel Haulers at all relevant times to act reasonably and prudently and orient, train and supervise its semi-tractor trailer operators and have in place proper policies, procedures, systems and protocols for the hiring, orientation, training, entrustment, permitted use, supervision, direction and control of its truck drivers while on interstate highways operating Defendant Steel Haulers transportation fleet.

26.    Defendant Tennessee Haulers was required by industry standards, customs and practice and FMCSR to have in place adequate documentation, training, policies and procedures, to support contacting, soliciting and contracting with experienced and qualified truck drivers to transport cargo on interstate highways.

27.    Defendant Tennessee Haulers was required by industry standards, customs and practice and FMCSR to have in place proper documentation and support for its driver hiring, orientation, training, hours supervision, company training under FMCSR, including an audit system for reviewing electronic driver's daily logs, electronic training modules and real-time safety issues for its transportation system.

28.    Defendant Tennessee Haulers was required by industry standards, customs and practice and FMCSR to maintain proper internal, supporting documentation for its transportation and trucking policies, procedures, systems, driver qualifications, driving training, trucking equipment safety, and safety files.

29.    Defendant Tennessee Steel Haulers had a direct, affirmative non-delegable duty, as a commercially licensed trucking operation and DOT motor carrier, to safely and jointly operate its semi-truck tractor-trailer on interstate highways in a reasonably prudent manner and with the highest degree of commercial driver's license care and DOT operating authority to prevent injury to public travelers on the interstate highway system.

8

30.     Defendant Tennessee Steel Haulers directly violated industry customers, standards, custom and usage and was not prudent in permitting its truck drivers to be untrained and operate unsafely on public highways.  Defendant Tennessee Steel Haulers violated applicable FMCSR and state laws in operating on public highways.  These safety regulations were in place to ensure safe operations, avoid dangerous instrumentalities on the roadway and prevent collisions by affirmative acts, conducts and safety systems in place.

31.     Tennessee Steel Haulers publicly represented and certified to the Federal Motor Carrier Safety Administration that it had a safety system in place, proper documentation in driver hiring, orientation, safety and training modules and files and proper safety reviews and audits of electronic logs.

32.     However, Tennessee Steel Haulers failed to have reasonable and prudent transportation systems and information in place contrary to its representation and certification for operational authority on interstate highways.  Tennessee Steel Haulers multiple direct failures, lack of reasonable and prudent trucking company conduct, affirmative, negligent corporate conduct and negligent and unreasonable acts and omissions were a direct and proximate cause of the collision at issue in this lawsuit, which injured the Plaintiff.

### *(Negligence & Respondeat Superior - Defendant Roberson)*

33.     At all relevant times, Defendant Roberson was acting as an agent/employee/servant within the scope and course of his employment with Defendant Tennessee Steel Haulers, subject to Tennessee Steel Haulers' direction and control while furthering their business interests and financial enterprise on interstate highways in the State of Arkansas.

34.     Defendant Tennessee Steel Haulers is affirmatively negligent and directly and vicariously liable, under the doctrine of *respondeat superior* and imputed conduct, for the conduct of its agent and employee within the course and scope of his employment.

35.     Defendant Roberson is an agent and employee of Defendant Tennessee Steel Haulers and was directly permitted, requested and tasked by Defendant Steel Haulers to drive a tractor-trailer through the state of Arkansas on I-30, without proper training and supervision.

36.     The acts and omissions of Defendant Roberson are directly imputed to his employer and principle, Defendants Tennessee Steel Haulers because Roberson was acting and operating the semi-tractor trailer, which collided with Plaintiff, within the scope and course of his employment and in furtherance of the business interests of Tennessee Steel Haulers on interstate highways, including I-30.

37.     Defendant Tennessee Steel Haulers is directly and affirmatively responsible for the actions of its employees in its trucking enterprise operating its vehicles on interstate highways.

38.     Defendant Tennessee Steel Haulers failed to train, supervise, monitor and control its trucking employees, including Defendant Roberson, regarding the industry standards, customs, conduct, rules, regulations, procedures and policies applicable to commercial drivers operating tractor-trailer trucks on the roads of the United States.

39.     Defendant Tennessee Steel Haulers failed to have standards, systems, policies and/or procedures in place to prevent its drivers, including Roberson, from operating Tennessee Steel Haulers' semi tractor-trailer and motor vehicle equipment in a negligent and/or reckless manner on interstate highways.

40.     Defendant Tennessee Steel Haulers, through its actions and inactions, adopted an unreasonable and imprudent policy, procedure practice and standard, in which it allowed and

encouraged for financial benefit, rather than discouraged, Defendant Roberson to drive in the negligent and reckless manner in which Roberson was driving at the time that he collided with Plaintiff.

41.     Defendant Roberson, as a commercially licensed driver, must be able to maintain, control and operate the semi-truck tractor trailer on interstate highway systems, including keeping a proper lookout for other motor vehicles before braking, changing speed and lane direction.

42.     Defendant Roberson must also avoid crossing or blocking traffic on an interstate, and must maintain a reasonable and prudent speed and lane control under the circumstances.

43.     Defendant Roberson must also not drive or operate a motor vehicle and motor carrier while he is distracted and his vision and ability to operate the motor vehicle are impaired as to make it unsafe on the interstate highway.

44.     Defendant Roberson must maintain a proper visual surveillance lookout while operating the semi-tractor trailer and act reasonably and prudently to avert or prevent a collision, especially those which could have been prevented, but for an action or failure to act by the truck driver to properly and safely look, listen, yield and make a safe lane change and maneuver without risk to others on the public highway.

45.     Defendant Roberson compromised his ability to operate the semi-truck tractor trailer and created an unsafe and hazardous condition on the highway, by his actions, including, but not limited to improperly and unsafely making a lane and direction change on I-30 while operating the motor vehicle, and turning the vehicle at a slow speed across the interstate highway public lanes of travel colliding with Plaintiff's vehicle, which was in a forward and superior right of way on I-30.

46.     Defendant Roberson, by his acts and omissions, created a dangerous instrumentality on the highway due to the size, length and configuration of Defendants' semi-truck, and unsafely maneuvering and crossing the lanes on a public highway.

47.     Defendant Roberson was directly and affirmatively careless and negligent in the State of Arkansas, including, but not limited to, the following particulars:

    a.      Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

    b.      Driving in such a careless manner as to evidence a failure to maintain proper control of the vehicle, in violation of Ark. Code Ann. § 27-51-104(a),(b)(6), & (b)(8);

    c.      Driving at a speed greater than is reasonable and prudent under the conditions in regard to actual and potential hazards existing at the time, and as necessary to avoid colliding with any vehicle upon the roadway, and in the use of due care, in violation of Ark. Code Ann. § 27-51-201(a)(1) & (2);

    d.      Failing to properly and safely pass a vehicle on the left, in violation of Ark. Code Ann. § 27-51-307(a)(1) & (2);

    e.      Failing to maintain a proper lookout for other traffic, in violation of the common law of Arkansas;

    f.      Failing to maintain control of the vehicle, in violation of the common law of Arkansas;

    g.      Failing to yield the right-of-way to other vehicles, in violation of the common law of Arkansas;

h.      Failing to maintain appropriate speed under the facts and circumstances, in violation of the common law of Arkansas;

i.      Failing to obey the "rules of the road" in violation of the common law of Arkansas;

j.      Failing to exercise the degree of care that an ordinary prudent person would exercise under the facts and circumstances as they existed at the time of the accident;

k.      Failing to operate a motor vehicle upon Arkansas roadways in such a way as to avoid injuring or killing someone, in violation of the common law of Arkansas; and

l.      Failing to operate a reasonably safe semi-tractor trailer with adequate equipment, lighting and braking, in a reasonably prudent and safe manner, and in accordance with the minimum requirements found in the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 380, 381, 382, 383, 384, 385, 390, 391, 392, 393, 395, 396, *et seq.*

48.     The above-referenced Arkansas statutes and the Federal Motor Carrier Safety Regulations were enacted and intended to protect motorists, passengers and pedestrians from the dangerous operation of vehicles, including semi-tractor trailers operating upon public roadways and interstate highways.  At the time of the statutory violations alleged above, Plaintiff was a motorist on an interstate highway, and thus belonged to the class of persons that these Arkansas statues and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

49.     The above-referenced Arkansas statutes and the Federal Motor Carrier Safety Regulations were enacted and intended to protect motorists, passengers and pedestrians from the

dangerous operation of vehicles, including semi-tractor trailers operating upon public roadways and interstate highways. At the time of the statutory violations alleged above, Plaintiff was a motorist on an interstate highway, and thus belonged to the class of persons that these Arkansas statues and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

50.     It was foreseeable that the failure of Defendants to operate their semi-tractor trailer in a reasonably prudent and safe manner on an interstate highway in the State of Arkansas, would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate highway system.

51.     As a direct and proximate result and natural sequence of the acts and omissions of both Defendants, as described above, Plaintiff suffered severe and permanently disabling injuries, for which she seeks compensation in excess of the amount required for federal diversity jurisdiction. Plaintiff experienced injuries and damages from Defendants direct, affirmative negligence and *respondeat superior* negligence in the course and scope of employment.

52.     The preceding paragraphs are hereby incorporated by reference.

53.     At all relevant times, Defendant Roberson was acting as an agent/employee/servant within the scope and course of his employment with Defendant Tennessee Steel Haulers, subject to its direction and control while furthering their business interests and financial enterprise on interstate highways in the State of Arkansas.

54.     Defendant Tennessee Steel Haulers is affirmatively negligent and directly and vicariously liable, under the doctrine of *respondeat superior* and imputed conduct, for the conduct of its agent and employee within the course and scope of his employment.

55.     Defendant Roberson is an agent and employee of Defendant Tennessee Steel Haulers who was tasked by Defendant Tennessee Steel Haulers and logistically assigned and

14

permitted to drive a tractor-trailer through the State of Arkansas on I-30, although Defendant Tennessee Steel Haulers knew or should have known with reasonable due diligence that Defendant Roberson was inadequately trained for interstate operation of a semi-tractor trailer.

56.     The acts and omissions of Defendant Roberson are directly imputed to his employer and principle, Defendant Tennessee Steel Haulers. Defendant Roberson's negligent and careless acts and omissions occurred while he was within the scope and course of his employment and in furtherance of the business interests of Defendant Tennessee Steel Haulers on the public roads and interstate highways in the State of Arkansas.

57.     Defendant Tennessee Steel Haulers failed to reasonably and prudently hire, contract with, orient, train, supervise, monitor and control its employees, including Defendant Roberson, regarding industry standards, customs and practice, rules, regulations, procedures and policies applicable to commercial drivers operating tractor-trailer trucks on the roads of the United States.

58.     Defendant Tennessee Steel Haulers failed to have appropriate industry standards, customs and practice and policies and/or procedures in place to prevent its drivers, including Roberson, from operating Tennessee Steel Haulers' semi tractor-trailer and motor vehicle equipment in a negligent and/or reckless manner.

59.     Defendant Tennessee Steel Haulers, through its actions and inactions, adopted a policy in which it allowed and encouraged, rather than discouraged, Defendant Roberson to drive in the negligent and reckless manner in which Roberson was driving at the time that he collided with Plaintiff.

60.     Tennessee Steel Haulers could have acted to prevent the collision alleged in this lawsuit, but was directly, separately and affirmatively negligent as a corporation from its driver

Roberson separately causing damages to Plaintiff for its own separate negligent, unreasonable and imprudent corporate conduct, acts and omissions, which would have separately prevented the collision and harm to Plaintiff.

61.     Tennessee Steel Haulers should be separately allocated fault for its own direct negligent acts and omissions as a motor carrier, negligent orientation, training, permitting its truck driver to operate a motor vehicle and failure to have policies and procedures in place for federal trucking safety to avoid risk of injury to public travelers on interstate highways, including proper training, log completion, safety training, collision avoidance, speed maintain and proper lane changes.

## VII. PROXIMATE CAUSATION

62.     The facts and allegations recited above are incorporated by reference and made a part hereof as though set out verbatim.

63.     As a direct and proximate result of the negligent acts and/or omissions, Plaintiff sustained severe and critical personal, physical, psychological and emotional injuries. As a result of her injuries directly caused by Tennessee Steel Haulers and Defendants' conduct, Plaintiff has diminished vigor and earning capacity and her ability to earn have been permanently weakened, diminished and impaired. As a direct result of the aforesaid injuries, Plaintiff has been caused to incur the medical costs and expenses associated with the care and treatment of her injuries and will in the future incur medical costs and expenses associated with the care and treatment of her injuries. Further, as a direct result of these injuries, Plaintiff's ability to perform the usual and normal household services were impaired including in the future. These injuries and damages Plaintiff sustained were a direct and proximate result as part of a natural and continuance sequence of events from Tennessee Steel Haulers' negligent acts and omissions described hereinabove and

as further provided in failing to prevent the collision and permitting its driver to operate unsafely on public highways in Arkansas.

## VIII. INJURIES AND COMPENSATORY DAMAGES

64.     Plaintiff seeks compensation for the damages she has sustained and which were directly and proximately caused by the negligence, careless and reckless conduct of the Defendants, including, but not limited to the following damages permitted by applicable law:

  a.      damages for the nature, extent, duration, and permanency of Plaintiff's injuries;

  b.      full value of Plaintiffs' past medical, present and future medical expenses, including all special and consequential damages;

  c.      full value of the expense of Plaintiff's medical care, treatment and services received, including transportation, board and lodging expenses, 24 hour care, and those medical expenses, housekeeping, lodging, transportation and future care taking expenses that will be necessary and reasonably certain to be required in the future, including the value of any life-care plan;

  d.      damages for Plaintiff's pain, suffering, mental anguish, embarrassment, PTSD, depression, and anxiety, experienced in the past, present and future;

  e.      damages for the loss of enjoyment of life, hedonic damages and destruction of Plaintiff's goals and/or opportunities as a person;

  f.      damages for scarring, disfigurement, and other visible results of Plaintiff's injuries;

g.     the value of all earning, profits, salary, and working time lost in the past, and the present value of any earning, profits, salary, and working time reasonably certain to be lost in the future;

h.     Plaintiff's future loss of past, present and future earning capacity and ability to earn, opportunities to thrive, develop and grow, including diminished vigor, impairment of earning ability and loss of ability to earn in the future;

i.     loss of services, society, relationships, friendship and companionship sustained by Plaintiff;

j.     Plaintiff's hedonic damages, enjoyment of life and living, support, guidance and care-taking;

k.     full value of the functional services, structure, and support needed by Plaintiff; and

l.     all other compensatory damages allowed by Arkansas law.

65.     The injuries and damages described herein have been suffered in the past, present and are reasonably expected and certain to, or more likely than not will, continue in the future.

## IX. PUNITIVE DAMAGES

66.     Defendants' conduct was negligent, reckless, consciously indifferent, such that malice may be inferred from their acts and conduct in the State of Arkansas. Defendants knew, or ought to have known, in the light of the surrounding circumstances that Defendants' conduct would naturally and probably result in injuries and damage and did result in injuries and damages as a result of the willful and wanton conduct. Defendants were required to preserve corporate information and electronic download data, collision data, event information and other trucking information required for interstate transport and this spoliation is also evidence of willful and

wanton behavior exhibiting an indifference to safety on public highways where public travelers may be impacted by unsafe semi-tractor driving. Defendants continued such wrongful conduct with malice, conscious indifference or in reckless disregard of the consequences from which malice may be inferred.

67.     Punitive damages are warranted and may be imposed against Defendants to deter the Defendants and others from similar conduct.

## X. **DEMAND FOR JURY TRIAL**

68.     Pursuant to Fed. R. Civ. P. 38, Ark. R. Civ. P. 38, Ark. Const. Art. 2, § 7, Ark. Code Ann. § 16-64-103, Plaintiff hereby demands a trial by jury of all issues of fact.

## XI. **PRAYER FOR RELIEF**

69.     Plaintiff respectfully prays for an award of damages against Defendants: (1) on an allocation of fault percentage up to 100%, including, but not limited to, actual, compensatory, special and consequential damages, (2) a joint and several judgment be entered against Defendants for all damages caused by Defendants, (3) for allocation of fault among Defendant Tennessee Steel Haulers and Defendant Roberson pursuant to Ark. Code Ann. §16-61-201 & 16-61-202(c), as amended by Act 1116 of 2013, in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate Plaintiff for her injuries and losses suffered because of Defendants' conduct; (4) for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; (5) for reasonable expenses; costs; (6) for punitive or exemplar damages, if applicable under the law, and (7) for all other proper relief, including any costs, collection expenses, including filing and registration of judgment fees, writs and attorney's fees incurred on recovering on any judgment obtained in this lawsuit.

Dated this 5th day of April, 2019.

Respectfully submitted,

**DUNCAN FIRM, P.A.**

Phillip Duncan, ABN #74039
James H. Bartolomei, III, ABN #2005181
Richard Quintus, ABN #2000078
William Rob Pointer, ABN #2007216
Timothy P. Reed, ABN #2012210
J. Reid Byrd, ABN #2016219
900 South Shackleford Road, Suite 725
Little Rock, Arkansas 72211
Telephone: 501-228-7600
Facsimile: 501-228-0415
phillip@duncanfirm.com
jim@duncanfirm.com
richard@duncanfirm.com
rob@duncanfirm.com
tim@duncanfirm.com
reid@duncanfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

DANIELLE N. ATWOOD                                          PLAINTIFF

v.                              Civil Case No. _____

TENNESSEE STEEL HAULERS, INC.,
STEVEN ROBERT ROBERSON, and
JOHN DOES 1-5.                                            DEFENDANTS

## AFFIDAVIT OF UNKNOWN TORTFEASOR

I, Richard Quintus, first being duly sworn, under oath states of personal knowledge as follows:

1.      I am Richard Quintus, the counsel of record for Plaintiff in the above-styled case.

2.      I am licensed to practice law in the State of Arkansas and the Eastern and Western Districts of Arkansas, and authorized to represent Plaintiff in this matter.  My Arkansas Bar Association identification number is 2000078.

3.      The underlying action alleges a cause of action against Defendants arising out of a semi-tractor trailer collision incident occurring on June 16, 2016, on I-30, in Pulaski County, Arkansas.

4.      As of the date of the filing of this Complaint, counsel has a good-faith belief that additional tortfeasors remain unidentified who might be rightfully included in the causes of action listed in this Complaint, and who may be liable for some or all of Plaintiff's damages.

5.      Pursuant to Ark. Code Ann. 16-56-125 and Fed. R. Civ. P. 15, Plaintiff has included the designations of "John Doe" or "Jane Doe" in the Complaint for purposes of tolling the statute of limitations against the unknown tortfeasor(s), who are presently unidentified, but may be liable for some or all of Plaintiff's damages.

PLAINTIFF'S
EXHIBIT
tabbies
A

1

6.      Counsel anticipates that discovery will yield the identity of the unknown tortfeasor(s) and will supplement the Complaint with the correct information when and if it becomes available.

Richard Quintus

DATED: _April 4, 2019_

**State of Arkansas** )
                     ) ss
**County of Pulaski** )

**SWORN AND SUBSCRIBED** before me on this 4th day of April, 2019.

NOTARY PUBLIC

MY COMMISSION EXPIRES:

PAMELA J. ALLEN
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires April 15, 2020
Commission No. 12376684

_04/15/2020_

2